**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL PLUMHOFF,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-17-0556** |
| **CENTRAL MORTGAGE COMPANY, et al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Michael Plumhoff ("Plaintiff") filed suit against Central Mortgage Company, the Federal Home Loan Mortgage Corporation ("Freddie Mac"), Brock & Scott, PLLC, Steven Plaisance, Kyle Leukota, and Buonassissi Henning & Lash, PC (collectively "Defendants"), alleging a plethora of federal and state constitutional, statutory, and common law claims stemming from Defendants' attempts to foreclose on Plaintiff's home after he failed to make payments due under the terms of a loan secured by the home. Now pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice pursuant to Federal Rule of Civil Procedure 8(a), 12(b)(1), and 12(b)(6). (ECF No. 16.) The issues have been briefed (ECF Nos. 16 & 20), and no hearing is required, Local Rule 105.6 (D. Md. 2016). For the reasons explained below, Defendants' motion to dismiss will be GRANTED.

## I. Background

Plaintiff, proceeding *pro se*, originally filed this multi-faceted complaint against the above-named defendants on February 24, 2017.[1] The original complaint, which was sixty-one pages, was labeled "Complaint for Civil RICO Violation of Title 18, US Code, Sections 1962(a), 1962(c), 1962(d)." (ECF No. 1.) In addition to alleging that Defendants violated various provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the complaint also alleged an assortment of other federal and state constitutional, statutory, and common law claims. Plaintiff's original complaint was a winding morass of improper legal conclusions and arguments. Accordingly, the Court informed Plaintiff that the complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure because it did not include: (1) a short and plain statement of the grounds upon which this court has jurisdiction (specifically what defendants allegedly did to violate plaintiff's rights); (2) a short and plain statement of the claim showing that plaintiff is entitled to relief; and (3) a demand for judgment for the relief plaintiff seeks. (ECF No. 2.) The Court then granted plaintiff twenty-one days to file an amended complaint in accordance with Rule 8(a). (*Id.*)

On March 23, 2017, Plaintiff filed his First Amended Complaint. (ECF No. 3.) The amended complaint, which was sixty-seven pages, added headings titled "Short Plain Statement of the Grounds Upon Which This Court Has Jurisdiction and the Claim Upon Which the Plaintiff Is Entitled to Relief" and "Short Plain Statement of the Relief Sought," apparently in an attempt to respond to the Court's prior directive. The amended complaint, however, remained generally ambiguous, unintelligible, and vexatious. Accordingly, the Court informed Plaintiff that the amended complaint still failed to satisfy Rule 8(a) for all the same reasons previously stated by

---

[1] The Court previously dismissed without prejudice defendants Steven Plaisance, Kyle Leukota, and Buonassissi Henning & Lash, PC, due to Plaintiff's failure to prosecute. (ECF No. 21.)

the Court. (ECF No. 6.) The Court again granted Plaintiff twenty-one days to correct the deficiencies in his complaint and instructed him to file a clear and concise pleading. (*Id.*)

On May 2, 2017, Plaintiff filed his Seconded Amended Complaint, which is the operative complaint currently before the Court. Aside from being one page longer than the previous complaint, the current complaint does not appear to be materially distinguishable from its predecessor. As best the Court can tell, Plaintiff added some additional detail under the section of the complaint titled "Short Plain Statement of the Relief Sought." However, given the general redundancy and disorganization of the complaint (as well as its predecessors), and Plaintiff's failure to identify the amendments as required by Local Rule 103.6(c), the Court is unable to identify any other potential revisions made by Plaintiff.

## II. *Rule 8(a) Pleading Requirements*

Federal Rule of Civil Procedure 8(a) imposes a baseline standard to which all complaints must adhere. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The rule is intended to: "give fair notice of the claim being asserted" to the adverse party; "sharpen the issues to be litigated"; and "confine discovery and the presentation of evidence at trial within reasonable bounds." *T.M. v. D.C.*, 961 F. Supp. 2d 169, 173–74 (D.D.C. 2013) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)). The rule "accords the plaintiff wide latitude in framing his claims for relief," *id.* at 174 (quoting *Brown*, 75 F.R.D. at 499), however, because "the proper length and level of clarity for a pleading cannot be defined with any great precision," a plaintiff's compliance with Rule 8 is ultimately left to "the discretion of the trial court," *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §

1217 (2d ed. 1990)).  And while a *pro se* plaintiff is generally afforded more latitude than a party

represented by counsel, "even *pro se* litigants [must] state their claims in a[n] understandable and

efficient manner." *Stone*, 184 F.R.D. at 555.

Accordingly, a district court "is not obliged to ferret through a [c]omplaint, searching for

viable claims." *Wynn–Bey v. Talley*, No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov.

28, 2012).  On the contrary, courts have "unhesitatingly dismissed actions where the complaint:

- consisted of "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension," *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972), *cert. denied*, 411 U.S. 935 (1973);

- was "confusing, ambiguous, redundant, vague and, in some respects, unintelligible," *Wallach v. City of Pagedale, Missouri*, 359 F.2d 57, 58 (8th Cir. 1966);

- was "so verbose, confused and redundant that its true substance, if any, is well disguised," *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965);

- contained "a completely unintelligible statement of argumentative fact," *Koll v. Wayzata State Bank*, 397 F.2d 124, 125 (8th Cir. 1968), with "little more than demands, charges, and conclusions," *Burton v. Peartree*, 326 F. Supp. 755, 758 (E.D. Pa. 1971);

- represented "circuitous diatribes far removed from the heart of the claim," *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); or

- set forth "a meandering, disorganized, prolix narrative," *Karlinsky v. New York Racing Association, Inc.*, 310 F. Supp. 937, 939 (S.D.N.Y. 1970).

*Jianqing Wu v. TrustPoint Int'l*, No. CV PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct.

5, 2015) (formatting altered) (quoting *Brown*, 75 F.R.D. at 499 (dismissing complaint that was "a

confused and rambling narrative of charges and conclusions concerning numerous persons,

organizations and agencies" and that "contain[ed] an untidy assortment of claims that [were]

neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp

harangues and personal comments")).

### III. Analysis

Defendants primarily argue that Plaintiff's Second Amended Complaint should be dismissed because it fails to state a plausible claim for relief.[2] However, the Court need not address the adequacy of the complaint under Rule 12(b)(6) because it suffers from a much more fundamental flaw: It fails to comply with the bare minimum requirement for all complaints imposed by Rule 8(a). *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (noting that Rule 8's basic pleading requirements "appl[y] to good claims as well as bad, and [are] a basis for dismissal independent of Rule 12(b)(6)").

Plaintiff's complaint is a meandering sixty-eight page narrative that is neither "short and plain," Fed. R. Civ. P. 8(a)(2), nor "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). The complaint is replete with wide-ranging allegations directed at not only the named defendants but also many unnamed individuals and entities. When Plaintiff does refer to the defendants in the instant action he fails to distinguish between the individual defendants or clearly state which defendant he is asserting allegations against. (*Id.* ¶ 33 ("Plaintiff challenges Defendant's authority, both as to actual authority and as to apparent authority."); *id.* ¶ 34 ("Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections [sic] Act . . . .").) Moreover, the same general conspiracy and fraud allegations are repeated

---

[2]     Defendants also argue that the complaint should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction. Defendants contend that, because Plaintiff filed a petition for bankruptcy prior to filing the instant suit, all of Plaintiff's claims in fact belong to his bankruptcy estate. (ECF No. 16-1, at 8); *see* 11 U.S.C. § 541(a)(1) (a bankruptcy estate is generally comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"); *see also, e.g.*, *Nolan v. Saxon Mortg., Inc.*, No. GJH-16-1163, 2017 WL 655399, at *4 (D. Md. Feb. 15, 2017) (noting that claims that are "not properly scheduled . . . remain the property of the bankruptcy estate, even after the bankruptcy case has closed"). As an initial matter, neither party has submitted bankruptcy court records that would indicate whether Plaintiff scheduled his claims. More importantly though, both parties seemingly agree that each of Plaintiff's numerous bankruptcy cases was dismissed, in most instances within weeks of being filed. And the dismissal of a bankruptcy case (unlike a discharge) generally "'restore[s] the status quo ante;' it is as if the bankruptcy petition had never been filed." *In re Derrick*, 190 B.R. 346, 350 (Bankr. W.D. Wis. 1995) (quoting *In re Lewis & Coulter, Inc.*, 159 B.R. 188, 190 (Bankr. W.D. Pa. 1993)). Thus, upon dismissal, the ownership rights to all property of the estate, including the rights to the causes of action alleged by Plaintiff in the instant complaint, revested in Plaintiff.

countless times throughout the complaint yet generally lack any comprehensible factual basis. Furthermore, these redundant allegations are then interspersed with fleeting and conclusory references to purported violations of numerous unrelated statutory and common laws. (*See, e.g.*, *id.* ¶ 28 (discussing the law of agency in Arizona); *id.* ¶ 104 (alleging, for the first and only time at the conclusion of a lengthy and unrelated narrative, that Defendants violated "the Fourth, and Fourteenth Amendments of the U.S. Constitution, and the Supremacy Clause thereof, that guarantee Plaintiff' [sic] right to be secure in their property, and protect their property from unreasonable seizure"); *id.* ¶ 121 (alleging, without further explanation, that "Defendants, directly or indirectly, engaged in *thousands* of acts and threats that are chargeable under provisions of title 18 USC, including, but not limited to, section 659 (relating to theft from interstate shipment and fraud and related activity in connection with access devices); section 1344 (relating to financial institution fraud); section 1951 (relating to interference with commerce, robbery, or, extortion); section 1952 (relating to racketeering); section 1956 (relating to laundering of monetary instruments, including Promissory Notes and other Mortgage Artifices; engaging in monetary transactions in property derived from specific unlawful activities); sections 2314 and 2315 (relating to interstate transportation of stolen property) and engaging in an act involving extortionate credit transactions in violation of Title 18 USC §891– 894" (emphasis added))[3]; *id.* ¶ 122 (alleging, without identifying any specific laws or conduct, that Defendants "have also been engaging in numerous acts and threats that are chargeable under provisions under State law punishable by imprisonment for more than one year; acts that are indictable").) And in the rare instances where Plaintiff does supply specific factual allegations, they are inconsistent with each other. (*Id.* (Plaintiff variously lists the starting date of the alleged

---

[3]     This is just a small sampling of the vast assortment of claims Plaintiff briefly raises only to move on from just as quickly without providing any factual support.

RICO conspiracy as "1999," *id.* ¶ 75, "the ten (10) calendar years preceding December 10, 2014," *id.* ¶109, "the eight (8) calendar years preceding December 10, 2014," *id.* ¶ 133, and "the eight (8) calendar years preceding January 13, 2015," *id.* ¶ 140).)

Simply put, the complaint is "way too long, detailed and verbose for either the Court or the defendants to sort out the nature of the claims or evaluate whether the claims are actually supported by any comprehensible factual basis." *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 58 (D. Mass. 2015).

"Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend." *Brown*, 75 F.R.D. at 499 (citing *Koll*, 397 F.2d at 125). Here, however, Plaintiff has already been given two opportunities to amend his complaint with specific instructions from the Court to conform his pleading to the standards laid out in Rule 8, yet Plaintiff has proven unable or unwilling to do so, with each filing only increasing in length and verbosity. Despite several opportunities, Plaintiff has shown no inclination to comply with the low bar of Rule 8 or the Court's orders; affording him yet another opportunity to do so would needlessly burden Defendants and the Court. Accordingly, dismissal with prejudice is appropriate under the circumstances. *See McHenry*, 84 F.3d at 1174, 1177 (affirming district court's order dismissing fifty-three page third amended complaint with prejudice because it "mixe[d] allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way" and despite district court's specific instructions in prior orders the complaint remained "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Kuehl v. F.D.I.C.*, 8 F.3d 905, 907–909 (1st Cir. 1993) (affirming district court's dismissal with prejudice of forty-three page, 358 paragraph amended complaint for failure to comply with Rule 8 and district court's order).

## IV.    Conclusion

For the foregoing reasons, an Order shall enter GRANTING Defendants' Motion to Dismiss with Prejudice the Second Amended Complaint.  (ECF No. 16.)


DATED this 19th day of December, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge
